IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

RICHARD HOLLEY,                }
                               }
    Plaintiff,                 }
                               }    CIVIL ACTION NO.
v.                             }
                               }    2:14-CV-2277-WMA
GIBCO CONSTRUCTION, LLC,       }
                               }
    Defendant.                 }

**MEMORANDUM OPINION**

Before the court is the motion of defendant Gibco Construction, LLC ("Gibco") for partial dismissal. It is stated as the first affirmative defense contained in its answer filed on December 30, 2014 (Doc. 7). The court is in receipt of a letter sent by counsel for plaintiff Richard Holley ("Holley"), which the court will construe as a brief in opposition to the motion. For the reasons stated below, the partial motion to dismiss will be granted.

**BACKGROUND**[1]

Holley, a black male, was employed by Gibco as a truck driver from March 2012 to April 2013. (Doc. 1 at 2-5, ¶¶ 4, 7, 14). Beginning in October 2012, Holley's supervisor, Michael Hunt (a white male), began making sexually aggressive comments toward Holley on an almost daily basis. (Doc. 1 at 3, ¶¶ 8-9). Holley

---

[1] To the extent the court draws factual inferences, they are drawn in favor of Holley. *See M.T.V. v. DeKalb Cnty. Sch. Dist.*, 446 F.3d 1153, 1156 (11th Cir. 2006).

1

repeatedly informed Hunt that the advances were "unwelcome and unwanted." (Doc. 1 at 3, ¶ 9).

On February 23, 2013, as Hunt's actions continued, Holley began the process of filing a formal complaint with Gibco claiming sexual harassment against Hunt.(Doc. 1 at 4, ¶ 10). The next day, Hunt called Holley twice on his cell phone, but Holley refused to answer. (Doc. 1 at 4, ¶ 11). Hunt then appeared at Holley's residence, prominently displaying a pistol. (*Id.*). Hunt told Holley not to file the complaint, saying "you know what is going to happen" if you file the complaint. (*Id.*). Holley filed the complaint the next day. (Doc. 1 at 4, ¶ 12).

On March 13, Gibco issued a written citation to Holley for exiting his truck without a hard hat, in violation of a safety rule. (Doc. 1 at 4, ¶ 13). Holley contends that white employees have committed far more serious offenses, of which Gibco was aware, including "firing a weapon on the jobsite, selling weapons to felons, and gun-running between states." (*Id.*).

That same day, Gibco informed Holley that his allegations against Hunt could not be confirmed. (Doc. 1 at 5, ¶ 14). On April 1, Holley filed a police report regarding Hunt's threats. (*Id.*). Holley was terminated on April 29. (*Id.*).

Holley brought this action on November 24, 2014. In his complaint, he asserts six claims. Count I is a claim of sexual harassment under Title VII of the Civil Rights Act of 1964,

regarding Hunt's creation of a sexually hostile work environment. Count II is a Title VII retaliation claim, in which Holley alleges that Gibco terminated him because he reported Hunt's sexual harassment. In Count III, Holley contends that he was discriminated against on the basis of his race in violation of Title VII and 42 U.S.C. § 1981. In this count Holley does not identify the specific conduct that he claims was discriminatory. In Counts IV and V, Holley makes claims for state-law invasion of privacy and intentional infliction of emotional distress, respectively, stemming from Hunt's conduct and Gibco's failure to stop it. Finally, in Count VI, Holley alleges negligent and malicious retention, supervision, and training, based on Gibco's failure to have and/or to enforce a sexual harassment policy, its failure to institute sexual harassment training, and its failure to terminate Hunt. According to Holley, this failure caused both the sexual harassment against Holley and Gibco's retaliatory citation and termination of him.

Gibco answered the complaint on December 30, 2014. As its first affirmative defense, Gibco says: "Plaintiff's Complaint should be dismissed, in whole or in part, for failure to state a claim upon which relief can be granted." (Doc. 7 at 9). In the status and scheduling conference conducted by this court on January 20, 2015, the court brought to the parties' attention its concern that Holley's Count II is deficient under the Supreme Court's

ruling in *University of Texas Southwestern Medical Center v. Nassar*, 133 S. Ct. 2517 (2013). On January 27, 2015, counsel for Holley submitted a letter to the court, which the court DIRECTS the clerk to file and will construe as a response to Gibco's motion. Motions pursuant to Rule 12(b)(6) should be ruled upon as the first order of business. Consequently, Gibco's motion is ripe for the court's consideration.

## DISCUSSION

In Holley's complaint, he complains of two discrete forms of misconduct by Gibco: (1) sexual harassment and threatening by Hunt and (2) a disciplining and termination for a work-rule violation masking a retaliatory motive. Four of his six causes of action — Counts I, IV, V, and VI - relate only to this first form of misconduct. Consequently, those counts are not at issue here. Counts II and III, however, are problematic. In Count II, Holley claims that he was terminated by Gibco in retaliation "for opposing sexual harassment in employment," in violation of Title VII. (Doc. 1 at 6, ¶ 21). In Count III, Holley contends that all of Gibco's conduct against him, including his termination, was discriminatory on the basis of his race, in violation of Title VII and § 1981.

In *Nassar*, the Supreme Court held that "Title VII retaliation claims require proof that the desire to retaliate was the but-for cause of the challenged employment action." 133 S. Ct. at 2528. "This requires proof that the unlawful retaliation would not have

4

occurred in the absence of the alleged wrongful action or actions of the employer." *Id.* at 2533. This court has consistently interpreted this requirement to mean that "[i]f a plaintiff wants to pursue a retaliation claim [h]e must in h[is] complaint 'indicate that retaliation was the "only," or "but-for" motive for h[is] termination [and] must make it perfectly clear in h[is] pleading that there are no proscribed motivations other than an intent to retaliate.'" *Savage v. Secure First Credit Union*, No. 2:14-cv-2468-WMA (Doc. 18), 2015 WL 2169135, *3 (N.D. Ala. May 8, 2015) (quoting *Montgomery v. Bd. of Trustees of the Univ. of Ala.*, No. 2:12-cv-2148-WMA (Doc. 45), 2015 WL 1893471, *5 (N.D. Ala. Apr. 27, 2015)); *see also Culver v. Birmingham Bd. of Educ.*, 646 F. Supp. 2d 1270, 1271-72 (N.D. Ala. 2009) (ADEA); *Dixon v. City of Birmingham, Ala.*, No. 2:13-cv-404-WMA (Doc. 37), 2015 WL 353162, *1 (N.D. Ala. Jan. 27, 2015) (ADA).

Holley's complaint does not meet this standard. He simultaneously alleges that his termination was motivated both by a desire to retaliate because of his protected sexual harassment complaint and by a desire to discriminate against him on the basis of his race. He cannot satisfy *Nassar*'s but-for retaliation standard while pleading both, even under the ability to plead alternative or inconsistent theories, because "there is a recognized distinction between the pleading of alternative theories of liability and irreconcilable contradictions and concessions as

5

to an essential element of a particular claim," *Savage*, 2015 WL 2169135 at *5. Because pleading an existing motivation for his termination other than retaliation completely undercuts the but-for causation required for the claim, Holley's allegations of race discrimination constitute a concession that an essential element of his retaliation claim is lacking, not mere pleading of alternative theories. Therefore, Holley's retaliation claim is due to be dismissed.

## CONCLUSION

For the reasons stated above, Gibco's partial motion to dismiss, as contained in its answer, will be granted. Count II of Holley's complaint will be dismissed unless, by **May 25, 2015**, Holley amends his retaliation claim to allege but-for causation and dismisses his Count III claim of race discrimination insofar as it relates to his termination. A separate order effectuating this opinion will be entered.

DONE this 18th day of May, 2015.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE